**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THONE PHAN, | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 12 C 1207 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| GARTNER LAW OFFICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION & ORDER**

Thone Phan ("Ms. Phan") alleges that Gartner Law Offices, Inc. ("Gartner")

violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* ("FDCPA"),

when it threatened to garnish her wages. Gartner moves to dismiss, arguing that Ms.

Phan cannot state a claim under the FDCPA and that the court lacks subject matter

jurisdiction.

I. FACTUAL BACKGROUND[1]

Beginning in 2004, Ms. Phan borrowed money from a friend, Elster Ratliff.

When she was unable to repay Ratliff and other creditors, Ms. Phan sought bankruptcy

protection in 2008. Ms. Phan, however, did not identify Ratliff as a creditor in her

bankruptcy filings. Ratliff discovered the bankruptcy proceedings and filed an adversary

complaint, arguing that Ms. Phan's debt to him was not dischargeable because it was

obtained by false pretenses, false representations, or actual fraud. The bankruptcy court

---

[1] In ruling on a motion to dismiss, a court typically relies on the well-pleaded allegations in the complaint. *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). A court may, however, take judicial notice of matters of public record, such as materials from another proceeding. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 942 (7th Cir. 2012). The court hereby takes judicial notice of the materials from Ms. Phan's bankruptcy proceeding, *In re: Phan*, Case No. 08-B-22214, and draws from those proceedings in setting forth the factual background of this case.

found that Ms. Phan borrowed from Ratliff never intending to repay him and therefore procured the debt by false pretenses, false representation, or actual fraud. In November 2011, the bankruptcy court concluded that Ms. Phan's debt to Ratliff was not dischargeable. In April 2012, the bankruptcy court amended its November 2011 order to enter judgment against Ms. Phan, finding that she owed Ratliff $13,150 plus $1,008.30 in costs.

On January 9, 2012, Gartner emailed Ms. Phan in an effort to collect the debt that she owed to Ratliff. In the email, Gartner informed Ms. Phan that unless she submitted funds to it by January 13, 2012, it would garnish her wages. Ms. Phan argues that Garner's email violates the FDCPA because at the time it was sent, Gartner had yet to obtain a garnishment order and also because the bankruptcy court had found only that her debt to Ratliff was not dischargeable and had not yet entered judgment against her.

Gartner moves to dismiss, arguing that: (1) Ms. Phan's debt is not a consumer debt as defined by the FDCPA; (2)Gartner is not a debt collector subject to the requirements of the FDCPA; and (3) Ms. Phan's complaint is so frivolous that it fails to invoke the court's subject matter jurisdiction.

## II. STANDARD OF REVIEW

Gartner styles its motion as one brought under Federal Rule of Civil Procedure 12(b)(1). Gartner, however, attacks the sufficiency of Ms. Phan's claim, arguing that she cannot prove her debt is a consumer debt and that it is not a debt collector. "[T]he absence of a valid (as opposed to arguable) cause of action does not implicate subject matter jurisdiction, *i.e.*, the courts' statutory or constitutional *power* to adjudicate the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998); *see also Jogi v. Voges*, 480 F.3d 822, 825-26 (7th Cir. 2007).

2

"Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Steel Co.*, 523 U.S. at 89 (quoting *Oneida Indian Nation of N.Y. v. Cnty. of Oneida*, 414 U.S. 661, 666, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974)). Accordingly, the court will examine Gartner's first two arguments, which challenge the sufficiency of Ms. Phan's claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Under Rule 12(b)(6), the defendant may seek to dismiss the case if the plaintiff "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The court accepts as true all well-pleaded facts and draws all reasonable inferences in favor of the plaintiff. *Stayart v. Yahoo! Inc.*, 623 F.3d 436, 438 (7th Cir. 2010). Although Federal Rule of Civil Procedure 8(a) requires only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," the complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (noting that while Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). The relevant question is whether the complaint includes enough factual allegations to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, to survive a motion to dismiss, "'the plaintiff must give enough details about the subject-matter of the case to present a story that holds together,' and the question the court should ask is '*could* these things have happened, not

*did* they happen.'" *Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 533 (7th Cir. 2011) (quoting *Swonson v. Citibank, N.A.*, 614 F.3d 400, 404-05 (7th Cir. 2010)).

## III. ANALYSIS

The primary goal of the FDCPA is to protect consumers from "abusive, deceptive and unfair debt collection practices." *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1324 (7th Cir. 1997). The FDCPA's definition of "debt" limits the scope of the Act. It defines a "debt" as:

> any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5).

Not all obligations are debts. *Bass*, 11 F.3d at 1324. To determine whether an obligation is a debt, a court first examines whether it arises from a consensual transaction in which the parties negotiate or contract for consumer-related goods or services. *Berman v. GC Servs. Ltd. P'ship*, 146 F.3d 482, 484 (7th Cir. 1998); *Reid v. Am. Traffic Solutions, Inc.*, 2010 WL 5289108, at *4 (S.D. Ill. Dec. 20, 2010); *Williams v. Allocated Bus. Mgmt., LLC*, No. 10 C 1711, 2010 WL 2330371, at * 1 (N.D. Ill. Jun. 8, 2010). If it has, the court then determines whether it was owed primarily for personal, family, or household purposes. *Berman*, 146 F.3d at 484. Accordingly, non-consensual obligations, including those arising from shoplifting or theft, child support orders, parking tickets, or automobile impoundment fees are not "transactions" and therefore do not create "debt" within the scope of the FDCPA. *See Reid*, 2010 WL 5289108, at *4 (collecting cases). On the other hand, where a consumer writes a check that later is dishonored, the consumer engages in a "transaction" and incurs a "debt" within the scope

of the FDCPA. *Bass*, 111 F.3d at 1325-26; *Narwick v. Wexler*, 901 F. Supp. 1275, 1281 (N.D. Ill. 1995).

Gartner argues that Ms. Phan's obligation to Ratliff is not a debt within the scope of the FDCPA. In support, Gartner relies on a series of cases that address obligations that are not voluntarily incurred. *See, e.g.*, *Mabe v. G.C. Servs. Ltd. P'ship*, 32 F.3d 86 (4th Cir. 1994) (holding that obligation arising from failure to pay child support was not a debt within the scope of the FDCPA); *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163 (3rd Cir. 1987) (theft of cable services); *Riebe v. Juergensmeyer & Assocs.*, 979 F. Supp. 1218 (N.D. Ill. 1997) (library fines); *Battye v. Child Support Servs., Inc.*, 873 F. Supp. 103 (N.D. Ill. 1994) (child support). Gartner argues that Ms. Phan's obligation to pay Ratliff is similar to the above-cited obligations because the bankruptcy court found that she never intended to repay the money she borrowed. Gartner suggests that Ms. Phan and Ratliff did not engage in a "consensual transaction" because Ms. Phan borrowed the money from Ratliff under false pretenses. Therefore, Gartner argues that the transaction she engaged in is more like that of a shoplifter or cable thief than one of a debtor.

Gartner's arguments run contrary to clearly expressed precedent. The Seventh Circuit has held that there is no "fraud exception" to the FDCPA. *Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998). In *Keele*, the court addressed whether the act protected consumers who passed bad checks, even if they knew those checks would be dishonored. *Id*. at 595-96. The court observed that "*nothing* in the Act makes inquiry into the debtor's intent at the time he or she writes a subsequently-dishonored check." *Id.* at 596. Rather, the Act's "language focuses primarily, if not exclusively, on the conduct of debt collectors, not debtors." *Id.* The FDCPA protects "*any* person --- not just 'deserving'

debtors --- in the debt collection process." *Id.* at 595-96.  The court reasoned that Congress could have created an exception excluding debts that were fraudulently incurred, but did not.  *Id.* (internal quotation marks omitted); *see also Bass*, 111 F.3d at 1330 (expressing "discomfort with the proposition that the courts should create a fraud exception where none exists in the Act's text" because Congress was well aware that not all debtors intend to repay their debts and yet chose not to exempt debt collectors from following the act even where they could prove that the consumer never intended to repay the debt); *Fed. Trade Comm'n v. Check Investors, Inc.*, 502 F.3d 159, 169-171 (3rd Cir. 2007) (declining to craft a fraud exception onto the FDCPA that excludes the collection of NSF fees from the scope of the Act).  Gartner's argument that Ms. Phan's obligation to pay Ratliff is not a "debt" within the scope of the FDCPA because she never intended to repay him when she incurred is wrong, nearly to the point that it is frivolous.

Gartner next argues that it is not a debt collector within the meaning of the FDCPA.  This argument merits little discussion.  In support of its argument, Gartner argues that it has attempted to collect less than five debts since it was formed and its debt collection fees represent less than 1% of its overall fees.  Gartner relies on facts outside of the pleadings to demonstrate that Ms. Phan's claim lacks merit.  Of course, the court may not rely on facts outside the pleadings when considering a motion to dismiss unless it converts the motion into one for summary judgment.[2]  Fed. R. Civ. P. 12(d); *Marques v. Fed. Reserve Bank of Chi.*, 286 F.3d 1014, 1017 (7th Cir. 2002).  Gartner's argument fails because motions to dismiss test the *sufficiency* and not the *merits* of a claim.

---

[2]  The court is not inclined to convert the motion because Ms. Phan has not been given any opportunity to discover and present evidence to counter Gartner's allegations.

Finally, Gartner suggests that Ms. Phan's claim is so frivolous that it fails to invoke the court's subject matter jurisdiction. Gartner offers little in the way of support for this argument. As best the court can tell, Gartner believes Ms. Phan's argument is frivolous because: (1) she is attempting to avoid repayment of her debt; (2) she has litigated other FDCPA claims; and (3) she did not list Ratliff as a creditor in her bankruptcy proceedings. None of these arguments demonstrate, in any way, that Ms. Phan's claim is so lacking in merit that it fails to invoke the court's subject matter jurisdiction.

## IV. CONCLUSION

The court DENIES Gartner's motion to dismiss. The court orders Gartner to answer the complaint on or before October 4, 2012.

**ENTER:**

_____/s/_____

JOAN B. GOTTSCHALL
United States District Judge

DATED: September 10, 2012