Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1207 | **DATE** | 1/17/2013 |
| **CASE TITLE** | Phan vs. Gartner Law Offices, Inc. | | |

**DOCKET ENTRY TEXT**

Plaintiff's Motion to Strike Affirmative Defenses [23] is granted in part and denied in part. The court strikes Defendant's affirmative defense A and denies the motion as to affirmative defenses B, C, and D.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

Plaintiff Thone Phan alleges that Gartner Law Offices, Inc. ("Gartner") violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e and f ("FDCPA"), when it threatened to garnish her wages after a bankruptcy court entered judgment against her with respect to a debt she owed to a friend, Elster Ratliff. After this court denied Gartner's motion to dismiss the complaint, Gartner filed an answer on September 26, 2012, that includes four paragraphs (A-D) under the heading, "Affirmative Defenses." (Answer 4-6, ECF No. 22.) Now before the court is Phan's motion to strike Gartner's affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f). For the reasons stated below, the court grants the motion in part and denies it in part.

In its answer, Gartner raises the following affirmative defenses: A) "The alleged debt is not a debt under the FDCPA;" B) "Gartner Law is not a debt collector under the FDCPA;" C) "The alleged claim is frivolous and without merit;" and D) "Defendant attempted to amicably resolve payment of the judgment." (Answer 4-6.)

Under Rule 12(f), a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). To prevail on a motion to strike, the movant must show that the allegations are "patently defective and could not succeed under any circumstances." *Kiswani v. Phoenix Sec. Agency, Inc.*, No. 05 C 4559, 2006 WL 463383, at *4 (N.D. Ill. Feb. 22, 2006). A court may strike an affirmative defense if it is legally insufficient on its face, a standard that mirrors that governing a motion to dismiss pursuant to Rule 12(b)(6). *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *Renalds v. S.R.G. Rest. Grp., Chi., LLC*, 119 F. Supp. 2d 800, 802-03 (N.D. Ill. 2000). Gartner therefore must make factual allegations sufficient to raise its right to the asserted defenses above a "speculative level." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court takes the allegations in the affirmative defenses as true and considers them in the light most favorable to Gartner. *See id.* at 572.

Turning to affirmative defense A, Gartner states that "[t]he alleged debt is not a debt under the FDCPA." Phan contends that Gartner raised this same argument in its motion to dismiss, which was denied on September 10, 2012. In support of the motion to dismiss, Gartner argued that Phan's obligation was not a debt within the scope of the FDCPA because Phan never intended to repay it. The court stated in its opinion denying the motion to dismiss that "Gartner's arguments run contrary to clearly expressed precedent," because "[t]he Seventh Circuit

| STATEMENT |
|---|

has held that there is not 'fraud exception' to the FDCPA." (Order 5, ECF No. 21.) Gartner alleges in affirmative defense A that Phan's debt was not a consumer debt regulated by the FDCPA for two reasons: because it was obtained through fraud, and because it was not obtained "primarily for personal, family, or household purposes," as required by the FDCPA, but rather "for gambling purposes." The court rejected the first reason in its order on the motion to dismiss. As to the second reason, although the court considers the allegations in the affirmative defense in the light most favorable to Gartner, Gartner has not alleged facts suggesting that Phan's debt was not a consumer debt. Nor has Gartner pointed the court to case law indicating that a debt obtained for gambling purposes is not a consumer debt. The court therefore strikes affirmative defense A.

Affirmative defense B states that Gartner "is not a debt collector under the FDCPA." The court finds that, taking the allegations in the affirmative defense as true, Gartner has raised its right to the defense above a "speculative level." *See Twombly*, 550 U.S. at 555. Gartner has pleaded facts supporting the conclusion that it does not "regularly" collect debts, as required for the FDCPA to govern its activities. *See* 15 U.S.C. § 1692(a)(6); *Heller v. Graf*, 488 F. Supp. 2d 686, 691-92 (N.D. Ill. 2007) (discussing whether an attorney's debt collection practice was sufficiently extensive to characterize him as a debt collector). In deciding the motion to dismiss, the court rejected Gartner's argument that it was not a debt collector within the meaning of the FDCPA. But it did so because Gartner relied on facts outside of the pleadings, on which the court could not rely for purposes of the motion to dismiss. In contrast, for purposes of the motion to strike, the court considers the allegations in the affirmative defenses in the light most favorable to Gartner. The court therefore denies the motion to strike affirmative defense B.

Affirmative defense C alleges that "[t]he alleged claim is frivolous and without merit," for the reasons given in defenses A and B. Gartner further alleges that "Phan and her counsel are well aware . . . that Garner Law is not a debt collector." (Answer 6.) The court previously concluded that affirmative defense B, that Gartner is not a debt collector, sufficiently stated a defense to survive a motion to strike. Taking the allegations in affirmative defense C as true, the court holds that it too states a defense insofar as it is based on the argument that Gartner was not a debt collector. The court therefore denies the motion to strike affirmative defense C.

Finally, in affirmative defense D, Gartner alleges that its communication with Phan between November 2011 and January 2012 regarding the debt was "an amicable attempt . . . to work out a payment arrangement." (Answer 6.) Taking these allegations as true, they support a plausible inference that Gartner's communications with Phan were not "unfair or unconscionable means to collect or attempt to collect a debt." 15 U.S.C. 1692f. The court concludes that affirmative defense D is legally sufficient on its face and denies the motion to strike it.

In conclusion, for the reasons explained above, the court strikes Gartner's affirmative defense A and denies Phan's motion to strike affirmative defenses B, C, and D.