```
               IN THE UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

THONE PHAN                    )
                              )      CASE NO: 12 cv 1207
      Plaintiff,              )
                              )
         vs.                  )   MAGISTRATE JUDGE ARLANDER KEYS
                              )
GARTNER LAW OFFICES, INC.     )
                              )
      Defendant.              )
                              )
```

**MEMORANDUM OPINION AND ORDER**

Thone Phan ("Ms. Phan") alleges that Gartner Law Offices, Inc. ("Gartner Law") violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e and f ("FDCPA"), when it threatened to garnish her wages in an email dated January 9, 2012. Ms. Phan requests that this Court enter summary judgment against Gartner Law for violations of the FDCPA under Federal Rule of Civil Procedure 56. [Dkt. #48]. In her motion, Ms. Phan seeks $1,000 in statutory damages; $10,000 in actual damages suffered as a result of Defendant's violations; and Plaintiff's reasonable attorney fees and costs incurred. For the reasons stated below, Ms. Phan's motion is denied.

**Facts**

On January 9, 2012, an associate attorney at Gartner Law sent the following e-mail directly to Ms. Phan:

> This e-mail serves as our final attempt to collect the debt owed by you to Mr. Ratliff in the total amount of $14,158.30 ($13,150.00 debt plus $1008.30 in costs). Please remit certified funds made payable to Elster Ratliff and Gartner Law Offices, Inc. to our office no later than Friday, January 13, 2012 at 5:00 p.m. or we will be forced to garnish your wages through Mayer Brown.

("the E-mail"). Motion at Ex. A. Mayer Brown was Ms. Phan's employer at the time.

In her motion for summary judgment, Ms. Phan argues that this E-mail is a violation of the FDCPA, because "at the time Defendant sent the E-mail, Plaintiff was in an active Chapter 13 Bankruptcy and was protected [from wage garnishment] by the Bankruptcy Stay." Motion at ¶ 3. Gartner Law denies that Plaintiff was in Chapter 13 Bankruptcy at the time the E-mail was sent in January, 2012. Response at p. 2, ¶ 3. Instead, Gartner Law states that, "Plaintiff filed for Chapter 13 Bankruptcy on August 27, 2012, after Gartner [Law] filed an action to garnish the wages of Plaintiff, and wages were garnished by Plaintiff's employer, Mayer Brown, LLP." *Id.* at pp. 2-3, ¶ 3; *Id.* at Ex. B.

In her motion for summary judgment, Ms. Phan lists seven paragraphs of "uncontroverted relevant facts." Mot. at pp. 2-3. However, left out of Ms. Phan's fact section, and found in other pleadings, answers to interrogatories, and admissions in this case, are relevant facts to this motion, including the history behind the parties mentioned in the above E-Mail: Ms. Phan, Mr.

Ratliff, and Gartner Law. Beginning in 2004, Ms. Phan borrowed money from Elster Ratliff. When she was unable to repay Mr. Ratliff and other creditors, Ms. Phan sought bankruptcy protection in 2008. Mot. at Ex. B. According to the Bankruptcy Court's docket provided to this Court, Ms. Phan originally filed a voluntary petition for Chapter 13 Bankruptcy on August 23, 2008. *Id.* However, she filed a voluntary conversion from Chapter 13 to Chapter 7 on May 16, 2009. *Id.*

Ms. Phan also neglects to mention in her motion for summary judgment that she did not identify Mr. Ratliff as a creditor in her bankruptcy filings. Nonetheless, Mr. Ratliff discovered the bankruptcy proceedings and filed an adversary complaint, arguing that Ms. Phan's debt to him was not dischargeable, because it was obtained by false pretenses, false representations, or actual fraud. Answer to the Complaint, p. 6; [dkt. #22].

On November 23, 2011, the bankruptcy court found that Ms. Phan borrowed from Mr. Ratliff never intending to repay him, and therefore, procured the debt by "false pretenses, false representation, or actual fraud." Response at Ex. C, p. 2. In that ruling, the bankruptcy court concluded that Ms. Phan's debt to Mr. Ratliff was not dischargeable, and stated that judgment would be entered against her and in favor of Mr. Ratliff for "the entire amount owed by the debtor [Ms. Phan] to the plaintiff [Mr. Ratliff]." *Id* at p. 2 and p. 5; Mot. at Ex. E,

3

¶¶1-2. Ms. Phan was represented by an attorney at that time. Response at p. 2, ¶2. On December 13, 2011, the Bankruptcy Court entered an order granting Mr. Ratliff costs in the amount of $1,008. 30. Response at Ex. D.

Additionally, Ms. Phan failed to mention in her motion that Gartner Law and her bankruptcy counsel "were corresponding from November 2011 through January 2012 regarding payment and payment plans related to the debt." Answer, Affirmative Defense D, p. 6. "Gartner [Law] had several conversations with Plaintiff's attorney in attempt to collect the amount owed, but Plaintiff made no payments on the Judgment. When Defendant was informed by counsel for Plaintiff that he no longer represented Plaintiff, Gartner [Law] sent the E-mail to Plaintiff." *Id.* Shortly after the E-mail was sent, Ms. Phan filed the complaint in this action on February 21, 2012. [dkt. #1].

In April, 2012, after Ms. Phan attempted to argue that there was no judgment entered against her in the amount specified in the E-mail, the Bankruptcy Court clarified its November 2011 order, again entering judgment against Ms. Phan and in favor of Mr. Ratliff in the amount of $13,150.00. Response at Ex. F, p. 7. When added to the December 13, 2011, order granting costs in the amount of $1,008.30, which was left undisturbed in the motion to clarify ruling, the total amount owed by Ms. Phan was $14,158.30. Response at Ex. D and Ex. F.

4

On July 16, 2012, Gartner Law issued a Wage Deduction Summons, Interrogatories, Notice and Affidavit to Ms. Phan's employer, Mayer Brown LLP. Response at Ex. F. On July 19, 2012, Mayer Brown LLP was served with said summons and began withholding a portion of Ms. Phan's wages. *Id.* at Ex. G. Ms. Phan then filed for Chapter 13 Bankruptcy on August 27, 2012. Response at Ex. B. The collection actions against Ms. Phan were ceased by Gartner Law in the Circuit Court of Cook County upon the Chapter 13 bankruptcy filing. *Id*. at Ex. H.

**Standard and Law**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). At this stage, the Court does not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court views all evidence and draws all inferences in favor of the non-moving party, and may enter summary judgment only if the record as a whole establishes that no reasonable jury could find for the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.,* 209 F.3d 687, 692 (7th Cir. 2000).

In order to successfully oppose a motion for summary judgment, the nonmoving party must do more than raise a metaphysical doubt as to the material facts. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586. (1986). Rather, they must come forward with specific facts showing that there is a genuine issue for trial. *Id.* at 587. The nonmoving party must offer more than a mere scintilla of evidence to survive summary judgment, and conclusory allegations are insufficient to defeat a motion for summary judgment. *Keri v. Bd. of Trustees of Purdue Univ.*, 458 F. 3d 620, 628 (7th Cir. 2006).

Congress enacted the FDCPA to curb "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. §1692. The FDCPA prohibits making false or misleading representations during the collection, or attempted collection, of a debt. 15 U.S.C. §1692e. Specifically, the FDCPA prohibits a debt collector from threatening to take action that could not be legally taken. 15 U.S.C. 1692e(5).

**Discussion**

Ms. Phan argues that summary judgment is appropriate, because Gartner Law, a debt collector under the FDCPA, threatened to take action against her that could not be legally taken while collecting a "consumer debt." Mot. at p. 1.

6

**A. Violation of FDCPA**

In her motion for summary judgment, Ms. Phan argues that Gartner Law violated the FDCPA by threatening to garnish her wages unless the debt was paid in full. Ms. Phan's original position was that collecting the debt in this way could not legally be taken against her, because "at the time Defendant sent the E-mail, Plaintiff was in an active Chapter 13 Bankruptcy and was protected by the Bankruptcy Stay." Mot. at ¶3. Ms. Phan even stated in her sworn affidavit attached to the motion that "when [she] received this E-mail, [she] was in active Chapter 13 Bankruptcy." Mot. at Ex. F.

The FDCPA is a strict liability statute that prohibits a debt collector from threatening to take any action that could not be legally taken. The Seventh Circuit Court of Appeals has held that demands for payment of debts covered by bankruptcy discharge are false, and violations of the FDCPA. *See Ross v. RJM Acquisitions Funding, LLC*, 480 F.3d 493, 795 (7th Cir. 2007). However, in its response brief, Gartner Law states, and provides evidence, that Ms. Phan was not in active Chapter 13 Bankruptcy at the time of the E-mail, but instead was in bankruptcy proceedings with Gartner Law's client, Mr. Ratliff, in which the Bankruptcy Court had found that the debt Ms. Phan owed Mr. Ratliff was not dischargeable. Response at Ex. C. In addition, Mr. Ratliff had a judgment against Ms. Phan. *Id.* And,

7

in fact, the action that Ms. Phan claims that Gartner Law could not legally take against her, garnishing her wages, was taken as Gartner Law proceeded with garnishing Ms. Phan's wages in July, 2012 and was successful in doing so. *Id.* at Ex. G.

In her reply brief, Ms. Phan changes her argument from Gartner Law threatened an action that could not legally be taken (garnishing her wages) against her, to arguing that Gartner Law could not legally start garnishment proceedings for the amount stated in the E-mail ($14,158.30), because it did not have a judgment against her in that amount. Reply at p. 1. Ms. Phan states that, "At the time [Gartner Law] sent this E-mail, the only money judgment against [Ms. Phan] was for $1008.30." *Id.* Ms. Phan argues that, prior to Gartner Law beginning garnishment proceedings for the amount of $14,158.30, they needed to amend the judgment against her and in favor of Mr. Ratliff in April 2012, and therefore, Gartner Law threatened an action that could not legally be taken in January, 2012. Reply at p. 2.

However, the Court has read the transcript from the November 23, 2011, hearing in Bankruptcy Court (provided by Gartner Law, not Ms. Phan), in which Judge Wedoff stated:

> Section 523(a)(2)(A) renders nondischargeable money or an extension, renewal or refinancing of credit to the extent obtained by false pretenses, a false representation or actual fraud. And I find here that the exception applies to the entire amount owed by the debtor [Ms. Phan] to the plaintiff [Mr. Ratliff].

8

Response at Ex. C, p. 2. Judge Wedoff also stated, "Judgment will be entered finding the entire debt owing from the debtor to the plaintiff not dischargeable." *Id.* at p. 5. This amount was known to be $13,150.00. The Bankruptcy Court went on for four pages explaining its basis for the finding. *Id.* As stated above, the Bankruptcy Court then found in December, 2011, that Ms. Phan also owed Mr. Ratliff $1,008.30 in costs.

After the E-mail was sent, Ms. Phan attempted to argue that the Bankruptcy Court had not entered judgments against her adding up to the amount of $14,158.30. However, when Gartner Law filed a motion to clarify the judgment against Ms. Phan, the Bankruptcy Court found for Mr. Ratliff and entered an order clarifying the judgment against Ms. Phan in the amount of $13,150.00. Response at Ex. F, p. 7. Based on Ms. Phan's changing argument and the evidence in this case, the Court finds an issue of material fact for trial as to whether Gartner Law could have legally taken the threatened action of wage garnishment against Ms. Phan prior to the April 2012 Order clarifying the judgment.

In her reply brief, Ms. Phan also argues that the E-mail implies that Gartner Law could begin garnishing Ms. Phan's wages on January 9, 2012, not start the wage garnishment process, when in fact they could not legally take that action, because they did not have a wage garnishment order yet. Reply at p. 1. This

argument also raises an issue of fact. At this stage, the Court will not weigh the evidence to determine the meaning of the E-mail. The Court draws all inferences in favor of the non-moving party, Gartner Law, and cannot find that a reasonable jury may not find for Gartner Law on this issue. Therefore, Ms. Phan's motion for summary judgment is denied.

**B.   Motion for Sanctions**

In response to the motion for summary judgment, Gartner Law moves the Court to deny the motion for summary judgment, and in addition, to enter an order of sanctions against Ms. Phan and her counsel for filing a false affidavit and motion in bad faith, pursuant to Federal Rule of Civil Procedure 56(h). Gartner Law argues that Rule 56(h) applies, because Plaintiff was not in an active bankruptcy at the time the alleged violation occurred, as presented in the motion and stated in the attached affidavit. Gartner Law argues that there was no rule or statute, Bankruptcy or otherwise, that would have prevented Gartner Law from taking steps to collect the judgments entered on November 23, 2011 and December 13, 2011 from Ms. Phan. Response at p. 5.

> Rule 56(h) states:
>
> If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court--after notice and a reasonable time to respond--may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred

> as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

The Court does find Ms. Phan's motion for summary judgment to be misleading. And after the evidence in this case is revealed by exhibits, pleadings and Gartner Law's response brief, Ms. Phan's motion is weak. However, the Court does not find the motion to be at the level of bad faith or solely for delay. The Court will not sanction Ms. Phan or her attorney at this time, despite the misstatement in Ms. Phan's affidavit that she was in active Chapter 13 Bankruptcy at the time the E-mail was sent, because Ms. Phan was involved in multiple Bankruptcy cases over the years and, even if her case was closed at the time the E-mail was sent, she originally filed for Chapter 13 Bankruptcy though it was converted to Chapter 7 years earlier. Mot. at Ex. F, ¶2. Even if that case was closed prior to the date the E-mail was sent, it was arguably active around that date and was reopened. Mot. at Ex. 2. As the receiver of the E-mail, though Ms. Phan seems to be well-versed in the loopholes of Bankruptcy law, she is not an attorney. Therefore, the Court will not sanction her.

The Court is concerned that Ms. Phan's attorney filed the misleading affidavit as an exhibit to the motion for summary judgment, and did not actually address the misstatement in the reply brief. At this time, Gartner Law's motion for sanctions against Ms. Phan's counsel is denied without prejudice. However,

11

moving forward in this case, the Court cautions Plaintiff's counsel to be straight forward with the court and realistic about his clients' projected outcome in this case.

The Judge in the Bankruptcy Court made note that Ms. Phan's "failure to list the debtor in the bankruptcy that was filed is one that I take to be confirmation of the lack of credibility in the debtor's testimony." Response at Ex. C, pp. 4-5. This comment resonates with this Court, as it is concerned as to why the facts in this case were not properly presented by Ms. Phan in the motion for summary judgment. Ms. Phan has filed a jury demand in this case, and since a question of fact for the jury exists here, she should consider her credibility, and how she will present to a jury of her peers, in deciding how to proceed in this case.

## Conclusion

Ms. Phan's motion for summary judgment is denied. A status hearing is set for April 11, 2014 at 9:00 a.m. At the status hearing, Plaintiff's counsel should be prepared to inform the Court how or if Ms. Phan intends to proceed with this case.

Date: April 2, 2014        E N T E R E D:

*[signature: Arlander Keys]*

MAGISTRATE JUDGE ARLANDER KEYS
UNITED STATES DISTRICT COURT